IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KITTY SMITH, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 3:06-CR-00033 (CAR) |
| | : | NO. 3:12-CV-90131 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Petitioner Kitty Smith has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 222. Respondent alleges that Petitioner's motion is untimely filed according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996. Doc. 227. Because Petitioner failed to file her Section 2255 motion within the one-year period of limitations and because Petitioner has failed to show that she is entitled to equitable tolling or that she is actually innocent of the crimes for which she was convicted, it is **RECOMMENDED** that the motion be **DISMISSED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2007, a six-count third superseding indictment was returned in this Court against Petitioner Kitty Smith and co-defendants Torey Gartrell and Adam Smith. Doc. 100. Count One charged Petitioner, Torey Gartrell, and Adam Smith with Conspiracy to Possess with Intent to Distribute over 50 Grams of Cocaine Base in violation of 21 U.S.C. § 846 in connection with 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A)(iii). Count Two charged Petitioner and Gartrell with Possession with Intent to Distribute Over 20 Grams of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Count Three charged Petitioner with

1

Possession of Marijuana in violation of 21 U.S.C. § 844. Counts Four and Five charged Petitioner and Gartrell with Maintaining a Drug-Involved Premise in violation of 21 U.S.C. §§ 856(a)(1) and 856(b) and 18 U.S.C. § 2.[1]

Petitioner and Gartrell were tried from December 10, 2007 to December 13, 2007. Docs. 171-174. The jury returned guilty verdicts convicting Petitioner of Counts One through Five.[2] Doc. 129. Based on the Presentence Investigation Report (PSR) and the mandatory minimum sentence of 120 months imprisonment, Petitioner's sentencing guideline range was 120-121 months imprisonment. Doc. 176. At Petitioner's sentencing hearing on March 25, 2008, the Court accepted the PSR over Petitioner's objections and sentenced Petitioner to 120 months imprisonment followed by five years of supervised release. Id.

On March 28, 2008, Petitioner filed a notice of appeal. Doc. 150. On appeal, Petitioner argued that none of her convictions were supported by sufficient evidence. Doc. 193. On January 4, 2010, the Eleventh Circuit affirmed Petitioner's convictions and sentence. Id. On June 11, 2012, Petitioner filed the instant Section 2255 motion.

## DISCUSSION

Petitioner's Section 2255 motion alleges that her judgment is void based on the Supreme Court's holding in DePierre v. United States, 131 S.Ct. 2225 (2011). Respondent contends that Petitioner's Section 2255 motion should be dismissed as time-barred because Petitioner failed to submit her petition within one year of her conviction becoming final. Respondent also contends that DePierre did not create a new right made retroactively applicable to cases on collateral review, and thus DePierre did not trigger a new starting date for the one-year limitations period.

---

[1] Count Six charged Adam Smith with Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. Doc. 100. Adam Smith pleaded guilty to Count Six in exchange for the Government's dismissal of Count One. 3:06-CR-00033-3, Doc. 146.
[2] Torey Gartrell was convicted of Counts One, Two, Four, and Five. Doc. 129.

2

Because Petitioner did not file her Section 2255 motion within one year of her conviction becoming final and because DePierre did not create a new right made retroactively applicable to cases on collateral review, Petitioner's motion is time-barred by the one-year limitations period. Additionally, Petitioner has failed to show that she is entitled to equitable tolling or that she is actually innocent of the crimes for which she was convicted. Accordingly, Petitioner's motion must be dismissed.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 provides a one-year statute of limitations for Section 2255 motions. According to the AEDPA, the statute of limitations shall run from "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1). The statute of limitations may run from a later date, however, if the Supreme Court recognizes a new right and the newly recognized right has been made retroactively applicable to cases on collateral review. Id. at § 2255(f)(3).[3]

Petitioner did not file her Section 2255 motion within one year of her conviction becoming final. When a petitioner does not appeal her conviction or sentence, the judgment becomes final when the time for seeking that review expires. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). When a petitioner unsuccessfully appeals her conviction or sentence and fails to timely petition for *certiorari* with the Supreme Court, the judgment becomes final following the expiration of the 90-day period for seeking *certiorari*. Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003) (citing Clay v. United States, 537 U.S. 522, 525 (2003)). If a petitioner timely files a petition for *certiorari* with the Supreme Court, the judgment does not become final until the

---

[3] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2255(f); however, none of these grounds are applicable in this case.

3

Supreme Court either denies the writ of *certiorari* or issues a decision on the merits. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).

The Eleventh Circuit affirmed Petitioner's convictions and sentence on January 4, 2010. Because Petitioner did not petition for *certiorari* with the Supreme Court, her conviction became final ninety days later, on April 5, 2010. Petitioner then had one year, or until April 5, 2011, to timely file her Section 2255 motion. Petitioner did not file her Section 2255 motion until June 11, 2012, over a year after her conviction became final. Accordingly, Petitioner's Section 2255 motion is time-barred by 28 U.S.C. § 2255(f)(1).

Petitioner appears to argue that she should be afforded a later start date for the one-year limitations period pursuant to 28 U.S.C. § 2255(f)(3) because her sole claim relies upon DePierre, which was decided by the Supreme Court on June 9, 2011. 131 S.Ct. 2225. Section 2255(f)(3) requires that Petitioner's claim be based upon a right that has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). DePierre neither recognizes a new right nor applies retroactively. DePierre simply clarified that the statutory term "cocaine base" used in 21 U.S.C. § 842(b)(1) encompasses all forms of cocaine base rather than just crack cocaine. See DePierre, 131 S.Ct. at 2237. As such, DePierre did not recognize a new right. See Coley v. United States, 2012 WL 3052841 (S.D.Ga. June 28, 2012). Moreover, DePierre has not been made retroactively applicable to cases on direct review. See e.g., Harden v. Warden, FCC Coleman-USP I, 2012 WL 3291694 (S.D.Fla. August 13, 2012); Wilson v. United States, 2011 WL 6308907 (W.D.La. Nov. 29, 2011). Accordingly, Petitioner is not entitled to a later limitations period under 28 U.S.C. 2255(f)(3).

Petitioner has also failed to show that she is entitled to equitable tolling of the one-year period of limitations. The one-year limitation period may be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both out beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). Equitable tolling is therefore only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence. Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007). If petitioner's delay in filing results from a lack of due diligence, courts need not consider whether extraordinary circumstances exist. Id. Moreover, "[e]quitable tolling is an extraordinary remedy and is applied sparingly." Id. (citing Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2003).

In this case, Petitioner does not make any argument for equitable tolling. Following an examination of Petitioner's Section 2255 motion and a review of the record, there is no apparent basis for equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling of the one-year limitations period.

Additionally, Petitioner has failed to show that she is actually innocent of the crimes for which she was convicted. A court may consider an untimely petition if refusing to consider the merits of the petition "would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (internal quotation marks omitted). The actual innocence exception to the statute of limitations is extremely narrow in scope, and the petitioner must show that she is factually innocent rather than legally innocent to meet the exception. Id. at 1268. To meet this exception, a petitioner must show, based on reliable evidence not presented at

trial, that no reasonable juror would have convicted her of the offense. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Petitioner contends that there was not sufficient evidence to convict her and that she is actually innocent because "the jury was limited to only have found that substance contained some mixture of cocaine as found in Schedule II." Doc. 222. As noted above, DePierre clarified that "cocaine base" included all forms of cocaine base and not just crack cocaine. As such, DePierre did not decriminalize any of the conduct for which Petitioner was convicted. Moreover, Petitioner's argument appears to be that of legal innocence rather than factual innocence. Petitioner has failed to present any new evidence that she did not commit the crimes. Accordingly, the actual innocence exception to the statute of limitations does not save Petitioner's Section 2255 motion from being time-barred.

## CONCLUSION

Because Petitioner failed to file her Section 2255 within the one-year period of limitations and because Petitioner has failed to show that she is entitled to equitable tolling or that she is actually innocent of the crimes for which she was convicted, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DISMISSED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 13th day of September, 2012.

                                                s/ Charles H. Weigle_____
                                                Charles H. Weigle
                                                United States Magistrate Judge